UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSE ANGEL RODRIGUEZ,

        Petitioner,                             Case NO. 2:06-CV-11795

v.                                        HONORABLE AVERN COHN

JAN TROMBLEY

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD
## HABEAS PETITION IN ABEYANCE
## AND
## ADMINISTRATIVELY CLOSING THE CASE

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Jose Angel Rodriguez (Petitioner) is a state inmate at the Saginaw Correctional Facility in Freeland, Michigan. Petitioner filed a *pro se* petition for a writ of habeas corpus challenging his convictions for first-degree criminal sexual conduct, delivery of a controlled substance with intent to commit criminal sexual conduct, and being a fourth habitual offender.  Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims are meritless and/or unexhausted.  Petitioner then filed a Motion to Hold Habeas Petition in Abeyance.  For the reasons that follow, the motion is GRANTED.

### II.  Background

Petitioner was convicted of the above offenses following a jury trial in the Ottawa County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Rodriguez,* No. 249413 (Mich.Ct.App. September 14, 2004); *lv. den.* 473 Mich. 882

(2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The trial court reversibly erred in denying the defense motion for mistrial.

II. The defendant was unlawfully denied the effective assistance of trial counsel when trial counsel failed and/or refused to file and have heard a proper motion to suppress the statements the defendant allegedly made to the police.

III. The trial court reversibly erred in overruling the defense objections to the inaccurate information contained in the pre-sentence investigation report (PSIR).

IV. The trial court violated the U.S. and Michigan constitutions in sentencing the defendant to a prison term of 180-600 months on an habitual offender 4th supplement arising out of the CSC 1 and the delivery of a controlled substance or GBL with intent to commit CSC convictions.

V. Defendant was deprived of the state and federal constitutional right to have effective assistance of counsel.

VI. Defendant was deprived of his due process of law when the trial court's reasonable doubt jury instruction was too broad.

VII. Defendant was deprived of his liberty without due process of law by related instances of prosecutorial impropriety.

### III.  Discussion

Respondent contends that Petitioner's first, third, and fourth claims were not fairly presented to the Michigan appellate courts as federal constitutional claims, because they were presented to the courts solely as state law issues.  The Court agrees.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The

Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In his motion to stay the proceedings, Petitioner admits that he failed to federalize his first, third, and fourth claims.  Petitioner seeks a stay so that he may properly exhaust these claims.  Petitioner also seeks a stay so that he may develop the factual basis of his ineffective assistance of trial counsel claim by filing a motion for an evidentiary hearing with the state trial court.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims.  Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

3

Where a petition is "mixed," that is, it contains exhausted and unexhausted claims, a federal court may stay the mixed petition in federal court to allow the petitioner to present his unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269 (2005).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 1535.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.*  Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.*  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

## IV. Conclusion

For the reasons stated above, further proceedings in this case are stayed pending exhaustion of state court remedies. The case shall be stayed provided that:  (1)

4

Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this Order, and (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state court remedies.

To avoid administrative difficulties, the Court orders the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED.**


 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  December 4, 2006


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, December 4, 2006, by electronic and/or ordinary mail.


 s/Julie Owens
Case Manager, (313) 234-5160